Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| MILTON E. MORALES FELICIANO<br><br>Recurrido<br><br>v.<br><br>CONSEJO TITULARES PALMAS DORADAS REGIME<br><br>Recurrente | KLRA202500150 | *Revisión Administrativa* procedente del Departamento de Asuntos del Consumidor<br><br>Sobre:<br>Ley de Condominios de Puerto Rico (Ley Núm. 129 de 16 de agosto de 2020)<br><br>Querella Número:<br>C-CAG-2023-0005245 |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 24 de julio de 2025.

Comparece ante nos la parte recurrente, Consejo de Titulares de Palmas Doradas Regime (en adelante, Consejo de Titulares o parte recurrente), y no solicita la revisión de la *Resolución* emitida y notificada el 14 de enero de 2025 por el Departamento de Asuntos del Consumidor (en adelante, DACo). En la misma, el Foro recurrido ordenó a la parte recurrente restituir a Milton E. Morales Feliciano (en adelante, Morales Feliciano o parte recurrida) la cantidad de cuatro mil novecientos dólares ($4,900.00) por gastos incurridos, y la suma de setecientos dólares ($700.00) por concepto de honorarios de abogados.

Por los fundamentos que expondremos a continuación, se confirma la *Resolución* recurrida.

**I**

El 7 de agosto de 2023 el señor Morales Feliciano presentó una querella ante DACo, en contra de la parte recurrente.[1] En la misma, la parte recurrida alegó que era el dueño de una propiedad en el Condominio Palmas Doradas Regime, en Humacao. Adujo que el techo de su propiedad sufría de filtraciones y que pagó una derrama por la cantidad de diecisiete mil cuatrocientos setenta y tres dólares con un centavo ($17,473.01) para reparar las mismas. No obstante, alegó que el Consejo de Titulares no había hecho los arreglos pertinentes. Igualmente, arguyó que las filtraciones le ocasionaron daños en el techo y en las paredes de su propiedad, así como que se vio imposibilitado de utilizar el apartamento. Por tanto, reclamó que se le ordenara al Consejo de Titulares arreglar el techo de la propiedad, al igual que una compensación adicional, ascendente a cinco mil dólares ($5,000.00), para poder hacer los arreglos en el interior de esta.

Así las cosas, el 4 de diciembre de 2023, DACo citó a las partes a una inspección de la aludida propiedad. El informe emitido por DACo reflejó que el apartamento del recurrido tenía deficiencias en el interior como consecuencia de los problemas de filtración que sufrió por años.[2]

Posteriormente, el 7 de diciembre de 2023, el Consejo de Titulares contestó la querella.[3] En síntesis, la parte recurrente adujo que la reclamación del señor Morales Feliciano se tornó académica porque ya se habían hecho las reparaciones de las filtraciones. Además, alegó que los daños en el interior de la propiedad de la parte recurrida se debían a la falta de mantenimiento del apartamento, lo cual era responsabilidad del titular, así como que la reclamación estaba prescrita.

---

[1] Apéndice del recurso, págs. 43-46.
[2] *Íd.*, págs. 67-69.
[3] *Íd.*, págs. 56-61.

Más adelante, el 2 de abril de 2024, la parte recurrida le informó a DACo, mediante una *Moción en Torno a Inspección*, que el Consejo de Titulares había hecho unas reparaciones en las áreas comunales que afectaban su propiedad, y que estas aparentaron corregir el problema de filtración.[4] No obstante, arguyó que le correspondía a la parte recurrente restituir los gastos incurridos para reparar los daños sufridos en su apartamento, ascendentes a cuatro mil novecientos dólares ($4,900.00).

Luego de varios incidentes procesales, el 8 de octubre de 2024, el Consejo de Titulares presentó una *Moción Urgente de Desestimación*, mediante la cual alegó que la parte recurrida vendió su propiedad, privándole de legitimación activa para proceder con la causa de acción.[5] Al día siguiente, la parte recurrida se opuso, y arguyó que, el hecho de haber vendido el apartamento, no lo despojaba de legitimación activa para continuar con su reclamo.[6] La aludida solicitud quedó pendiente ante DACo.

Así las cosas, el 18 de octubre de 2024, se celebró una vista administrativa, en la cual testificó la parte recurrida[7], y la señora Marie L. Lavergne Ramírez, quien era titular de otro apartamento en el referido condominio y ayudó al señor Morales Feliciano con alguna de las comunicaciones hechas al Consejo de Titulares.[8]

Tras evaluar la prueba presentada, el 14 de enero de 2025, DACo emitió la *Resolución* de la cual aquí se recurre.[9] De las determinaciones de hechos surge que el recurrido demostró que, tan pronto adquirió el apartamento en el año 2016, le reportó a la parte recurrente las filtraciones que sufría el mismo en el techo y las paredes de varias habitaciones. No obstante, luego de aproximadamente siete (7) años de reclamaciones sin que el Consejo

---

[4] *Íd.*, págs. 87-89.
[5] *Íd.*, págs. 110-119.
[6] *Íd.*, págs. 144-146.
[7] Transcripción de los procedimientos, págs. 9-149.
[8] *Íd.*, págs. 150-166.
[9] Apéndice del recurso, págs. 1-10.

de Titulares hiciera las reparaciones correspondientes, la parte recurrida presentó la querella en cuestión.

Asimismo, surge del dictamen que, a pesar de que el Consejo de Titulares alegó haber hecho las reparaciones del techo, las filtraciones continuaron. Por ello, el señor Morales Feliciano contrató a Lemuel Reyes para inspeccionar el área en controversia, quien descubrió que las mismas provenían de una tubería de desagüe en el techo exterior del condominio. DACo concluyó que, como consecuencia del daño provocado por los problemas de filtración, la parte recurrida tuvo que incurrir en gastos ascendentes a cuatro mil novecientos dólares ($4,900.00) para hacer los arreglos pertinentes en el interior de su propiedad, entre ellos, remover y reemplazar los paneles de *gypsum board* del techo de las habitaciones afectadas, y pintar las áreas perjudicadas.

Igualmente, DACo señaló que, a pesar de conocer de su deber de hacer las reparaciones correspondientes en el techo del Condominio, y que su inacción constante le provocó daños al interior del apartamento del señor Morales Feliciano, el Consejo de Titulares se rehusó a restituir los gastos sufragados por este. Por lo cual, concluyó que el Consejo de Titulares fue temerario en la tramitación de la querella. Consecuentemente, DACo ordenó a la parte recurrente a restituir al señor Morales Feliciano por los gastos incurridos ascendentes a cuatro mil novecientos dólares ($4,900.00), así como el pago de los honorarios de abogados ascendentes a setecientos dólares ($700.00), por haber actuado de manera temeraria.

Inconforme, y tras denegada una previa solicitud de reconsideración, el 13 de marzo de 2025, el Consejo de Titulares compareció ante nos mediante el recurso de epígrafe, en el mismo formula los siguientes señalamientos de error:

> Erró el Departamento de Asuntos del Consumidor al declarar Con Lugar la querella en ausencia de legitimación activa del querellante.

Erró el Departamento de Asuntos del Consumidor al ordenar la restitución de $4,900.00 al querellante por daños a pesar de que la referida causa de acción se encontraba prescrita.

Erró el Departamento de Asuntos del Consumidor al ordenar la restitución a favor del querellante, de forma parcializada y con manifiesto perjuicio en contra del querellado y en ausencia de evidencia sustancial.

Erró el Departamento de Asuntos del Consumidor al ordenar el pago de $700.00 de honorarios de abogado por temeridad.

El 16 de mayo de 2025, la parte recurrida presentó su oposición al recurso. Luego de examinar el expediente de autos, y con el beneficio de la comparecencia de las partes, procedemos a expresarnos.

**II**

**A**

Es norma firmemente establecida en el estado de derecho vigente, que los tribunales apelativos están llamados a abstenerse de intervenir con las decisiones emitidas por las agencias administrativas, todo en deferencia a la vasta experiencia y conocimiento especializado que les han sido encomendados. *Jusino Rodríguez v. Junta de Retiro,* 2024 TSPR 138, 215 DPR ___ (2024); *Otero Rivera v. USAA Fed. Savs. Bank,* 2024 TSPR 70, 214 DPR ___ (2024); *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* 2024 TSPR 29, 214 DPR ___ (2024); *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35 (2018). En este contexto, la Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, establece el alcance de la revisión judicial respecto a las determinaciones administrativas. A tal efecto, la referida disposición legal expresa como sigue:

El Tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio.

Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.

Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal.

3 LPRA sec. 9675.

Al momento de revisar una decisión agencial, los tribunales deben ceñirse a evaluar la razonabilidad de la actuación del organismo. *Rolón Martínez v. Supte. Policía,* supra, pág. 35. Por ello, los tribunales no deben intervenir o alterar las determinaciones de hechos que emita, siempre que estén sostenidas por evidencia sustancial que surja de la totalidad del expediente administrativo. *Vázquez v. Consejo de Titulares,* 2025 TSPR 56, 215 DPR ___ (2025); *Otero v. Toyota,* 163 DPR 716, 727-728 (2005); *Pacheco v. Estancias,* 160 DPR 409, 431-432 (2003). Nuestro Tribunal Supremo ha definido el referido concepto como aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Rolón Martínez v. Supte. Policía,* supra, pág 36; *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.,* 144 DPR 425, 437 (1997). Por tanto, compete a la parte que impugne la legitimidad de lo resuelto por un organismo administrativo, identificar prueba suficiente para derrotar la presunción de corrección y regularidad que les asiste. *Graciani Rodríguez v. Garage Isla Verde,* 202 DPR 117, 128 (2019).

A tenor con esta norma, los foros judiciales limitan su intervención a evaluar si la decisión de la agencia es razonable y no si hizo una determinación correcta de los hechos ante su consideración. *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.,* supra, pág. 437. En caso de que exista más de una interpretación razonable de los hechos, el tribunal debe sostener lo concluido por la agencia, evitando sustituir el criterio del organismo por sus propias apreciaciones. *Pacheco v. Estancias,* supra, pág. 432. Ahora bien, esta regla basada en deferencia no es absoluta. La misma cede cuando está presente alguna de las siguientes instancias: (1) cuando la decisión no está fundamentada en evidencia sustancial; (2)

cuando el organismo administrativo ha errado en la apreciación de la ley, y; (3) cuando ha mediado una actuación irrazonable, o ilegal. *Jusino Rodríguez v. Junta de Retiro,* supra; *Otero Rivera v. USAA Fed. Savs. Bank,* supra; *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* supra; *Costa Azul v. Comisión,* 170 DPR 847, 852 (2007).

Por su parte, nuestro máximo Foro ha expresado que "la interpretación de la ley es una tarea que corresponde inherentemente a los tribunales". *Vázquez v. Consejo de Titulares,* supra. Por tanto, al revisar las conclusiones de derecho que hace una agencia, nuestro Tribunal Supremo ha enfatizado que estas serán revisables en todos sus aspectos. *Íd.* Por lo cual, a pesar de que la interpretación de una agencia merece un grado de respeto, dicho cortesía no equivale a que los foros apelativos opten por renunciar a su función revisora. *Íd.*

**B**

Finalmente, mediante la aprobación de la Ley de Condominios de Puerto Rico, Ley 129-2020, 31 LPRA sec. 1921, *et seq.,* según enmendada, se ejecutó el propósito de viabilizar la propiedad individual sobre una unidad de apartamento, que forma parte de un inmueble sometido al régimen de propiedad horizontal. *Vázquez v. Consejo de Titulares,* supra. De este modo, se estatuyó el derecho de cada titular a disfrutar del pleno disfrute del mismo, y de las áreas comunes establecidas, siempre que no resulte en menoscabo de las prerrogativas de los demás titulares. 31 LPRA sec. 1921a.

De conformidad con lo anterior, en la propiedad horizontal, "[e]l titular individual es responsable, principalmente de su propio apartamento, que le pertenece privativamente como cualquier otra finca sujeta a derechos reales como el de propiedad". *Colón Ortiz v. Asoc. Cond. B.T. I,* 185 DPR 946, 960 (2012). Sin embargo, [e]n cuanto al uso y mantenimiento de los elementos comunes, así como los asuntos generales relacionados con la vida del condominio, la

responsabilidad recae sobre toda la comunidad". *Íd.* En la consecución de ello, la Ley de Condominios, *supra,* propone al Consejo de Titulares como el organismo integrado por la totalidad de los titulares individuales, con personalidad jurídica propia, que constituye la autoridad suprema sobre la administración del inmueble. 31 LPRA sec. 1922t; *Vázquez v. Consejo de Titulares,* supra. Así, constituye el cuerpo rector y deliberativo con dominio sobre las áreas comunes del lugar y limitado solo por lo dispuesto en la Ley de Condominios, la escritura matriz y el reglamento adoptado por el consejo. *Consejo de Titulares v. Gómez Estremera,* 184 DPR 407, 417 (2012); *D.A.Co. v. Junta Cond. Sandy Hills,* 169 DPR 586, 594 (2006).

Ahora bien, se consideran elementos comunes necesarios aquellos indispensables para el disfrute de la propiedad privada de los apartamentos. *Bravman, González v. Consejo de Titulares,* 183 DPR 827, 848 (2011). Los mismos están destinados al uso y disfrute de todos los propietarios conforme su destino y no son susceptibles de propiedad individual, toda vez que ello resultaría incompatible con el buen funcionamiento del condominio. 31 LPRA 1921p. Por tal razón, el ordenamiento jurídico entiende que, sin ellos, "resultaría inasequible el adecuado disfrute de los apartamentos". *Cestero Aguilar v. Jta. Dir. Condominio,* 184 DPR 1, 12 (2011). Sobre los elementos comunes necesarios, el Artículo 17 de la Ley de Condominios, 31 LPRA sec. 1921p, dispone lo siguiente:

> […]
>
> (a) Se consideran elementos comunes generales necesarios, no susceptibles de propiedad individual por los titulares y sujetos a un régimen de indivisión forzosa, los siguientes:
>
> […]
>
> (2) Los cimientos, paredes de carga, **techos**, escleras y vías de entrada y salida o de comunicación.
>
> […].
>
> 31 LPRA sec. 1921p. (Énfasis nuestro).

Por su parte, el Artículo 65 de la Ley de Condominios, 31 LPRA sec. 1923j, provee para que un titular pueda impugnar las acciones u omisiones del Consejo de Titulares ante DACo, cuando las mismas "resulten gravemente perjudiciales a los intereses de la comunidad o un titular". 31 LPRA sec. 1923j. Para ello, el referido artículo dispone un término de dos (2) años para que un titular impugne los acuerdos, acciones u omisiones del Consejo de Titulares que constituyan una violación a la Ley de Condominios, *supra.*

## C

Sabido es que los tribunales solo pueden resolver casos y controversias justiciables. *Bhatia Gautier v. Gobernador*, 199 DPR 59, 68 (2017); *Asoc. Fotoperiodistas v. Rivera Schatz,* 180 DPR 920, 931 (2011). El principio de la justiciabilidad gobierna el ejercicio de la función revisora de los tribunales y, consecuentemente, el alcance de su jurisdicción. Conforme al mismo, los tribunales limitan su intervención a resolver controversias reales y definidas que afectan las relaciones jurídicas de partes antagónicas. *Super Asphalt v. AFI y otro*, 206 DPR 803, 815 (2021); *U.P.R. v. Laborde Torres y otros I,* 180 DPR 253, 279-280 (2010).

Como elemento esencial para la adjudicación de los méritos de una controversia, el principio de justiciabilidad impone a los tribunales el deber de examinar si la parte que acude a su auxilio ostenta legitimación activa para actuar de conformidad. *Hernández, Santa v. Srio. de Hacienda,* 208 DPR 727, 738-739 (2022); *Hernández Torres v. Gobernador*, 129 DPR 824, 835 (1992). Esta figura se define como "la capacidad que se le requiere a la parte promovente de una acción para comparecer como litigante ante el tribunal, realizar con eficiencia actos procesales y, de esta forma, obtener una sentencia vinculante". *Rivera Segarra v. Rivera Lassen,* 2024 TSPR 60, 213 DPR ____ (2024); *Hernández, Santa v. Srio. de Hacienda,* supra, pág. 729, citando a *Ramos, Méndez v. García García*, 203 DPR 379, 394 (2019); *Bhatia Gautier v. Gobernador,*

supra, pág. 69. El propósito de la legitimación activa es que el tribunal se asegure de que la parte reclamante tiene un interés genuino, va a perseguir su causa vigorosamente y que todos los asuntos pertinentes serán presentados ante la consideración del juzgador. *Pérez Rodríguez v. López Rodríguez et al.*, 210 DPR 163, 178-179 (2022). Así, la parte que solicita un remedio judicial debe demostrar que: (1) ha sufrido un daño claro y palpable; (2) el daño es real, inmediato y preciso, no abstracto o hipotético; (3) existe una conexión entre el daño y la causa de acción ejercitada, y (4) la causa de acción surge al palio de la Constitución o de una ley. *Hernández, Santa v. Srio. de Hacienda*, supra, pág. 739.

**D**

Finalmente, la *temeridad* constituye aquel patrón de conducta que lleva a una de las partes a incurrir en los gastos de un litigio cuya controversia pudo haberse resuelto fuera de los tribunales y que afecta la sana administración de la justicia. *Meléndez Vega v. El Vocero de PR*, 189 DPR 123, 2126 (2013); *Blás v. Hosp. Guadalupe,* 146 DPR 267, 335 (1998). Una parte ha incurrido en temeridad cuando está presente alguna de las siguientes circunstancias: 1) contestar una demanda y negar responsabilidad total; 2) defenderse injustificadamente de la acción en su contra; 3) creer que la cantidad reclamada es exagerada y que tal sea el único motivo por el cual se opone a las alegaciones del demandante, pudiendo limitar la controversia a la fijación de la correspondiente cuantía; 4) incurrir en un litigio del cual *prima facie* se desprende su responsabilidad y; 5) negar un hecho cuya veracidad conste. *Consejo Titulares v. MAPFRE,* 2024 TSPR 140, 215 DPR ___ (2024); *Blas v. Hosp. Guadalupe,* supra, pág. 335-336*; Fernández v. San Juan Cement Co., Inc.,* 118 DPR 713 (1987).

Una vez un foro adjudicativo con competencia determina que se ha incurrido en temeridad, está llamado a imponer, a la parte que así haya actuado, el pago de cierta cantidad de dinero en concepto

de honorarios de abogado. *Torres Montalvo v. Gobernador ELA,* 194 DPR 760, 778 (2016). Conforme a ello, la Sección 3.21 de la Ley de Procedimiento Administrativo Uniforme, 3 LPRA sec. 2170a, dispone que una agencia administrativa con funciones de adjudicación está facultada para imponer costas y honorarios de abogado, a tenor con las Reglas de Procedimiento Civil. Al respecto, la Regla 44.1 (d) de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1 (d), dispone como sigue:

> [...]
> (d) *Honorario de Abogado* - En caso de que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta. En caso de que el Estado Libre Asociado de Puerto Rico, sus municipios, agencias o instrumentalidades haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia una suma por concepto de honorarios de abogado, excepto en los casos en que esté expresamente exento por ley del pago de honorarios de abogado.

El antedicho estatuto preceptúa en nuestro esquema procesal la intención de establecer una penalidad a un litigante perdidoso que, por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconveniencias de un pleito. *SLG González-Figueroa v. SLG et al.,* 209 DPR 138, 148 (2022): *Torres Montalvo v. Gobernador ELA,* supra, pág. 778, citando a *Andamios de PR v. Newport Bonding,* 179 DPR 503, 520 (2010). De ahí que, como regla general, establecida la concurrencia de tal conducta, la condena de honorarios resulta ser imperativa. Así, el juzgador tendrá que adjudicar el monto correspondiente al grado de temeridad desplegado por el actor, ello mediante el ejercicio de su sano juicio. Siendo así, la determinación que en su día emita sólo será objeto de revisión si ha mediado abuso de discreción en el ejercicio de su ministerio. *Colón Santos v. Coop. Seg. Múlt. P.R.,* 173 DPR 170, 188 (2008).

Por su parte, el Artículo 65 de la *Ley de Condominios*, 31 LPRA sec. 1923j, también contempla el ámbito de la imposición del pago de honorarios de abogado en caso de una reclamación al amparo de sus términos. Al respecto, el referido artículo dispone lo siguiente:

> [...]
> El foro con jurisdicción en el que se diluciden las querellas o acciones de impugnación, le impondrá a la parte que hubiese procedido con temeridad el pago de costas y honorarios de abogados. El titular que prevalezca en cualquier reclamación de su querella no tendrá que contribuir a los honorarios o gastos legales en que incurra la Junta o el Consejo de Titulares, ni a la multa que, en su caso, pudiera imponérsele a la parte querellada.

Asimismo, la Regla 31 del *Reglamento de Condominios*, Reglamento Núm. 9386 de DACo del 6 de junio de 2022, dispone que la referida agencia tendrá la facultad para imponer el pago de los honorarios de abogado a la parte que haya sido temeraria en la tramitación de la querella pertinente.

**III**

En su *primer señalamiento de error*, el Consejo de Titulares alegó que DACo incidió al declarar *Con Lugar* la querella en su contra, en ausencia de legitimación activa del señor Morales Feliciano, dado que este vendió la propiedad en controversia. Conforme a la norma anteriormente esbozada, una parte ostenta legitimación activa si, (1) ha sufrido un daño claro y palpable; (2) el daño es real, inmediato y preciso, no abstracto o hipotético; (3) existe una conexión entre el daño y la causa de acción ejercitada; y, (4) la causa de acción surge al palio de una ley.

En el caso ante nos, la parte recurrida sufrió daños en su propiedad, en específico en el techo y las paredes de su apartamento como consecuencia del problema de filtración que toleró por aproximadamente siete (7) años, ante la inacción del Consejo de Titulares. En adición, se vio en la obligación de sufragar, a cuenta propia, las reparaciones necesarias para corregir el deterioro en el interior de su propiedad. Por consiguiente, es forzoso concluir que

el hecho de que el señor Morales Feliciano haya optado por vender su apartamento no invisibiliza el daño que sufrió y los gastos que incurrió por la falta de diligencia de la parte recurrente. Por lo tanto, ostenta legitimación activa para presentar su reclamo.

Por otro lado, en su *segundo señalamiento de error,* la parte recurrente alegó que la reclamación del señor Morales Feliciano estaba prescrita por haber transcurrido un (1) año desde que obtuvo conocimiento de las filtraciones. No obstante, el presente caso trata de una reclamación en contra del Consejo de Titulares, bajo la Ley de Condominios, *supra.* En específico, debido a que el señor Morales Feliciano impugna la falta de diligencia de la parte recurrente en atender su reclamación, el término dispuesto por el referido estatuto para presentar la querella es de dos (2) años.

Del expediente ante nuestra consideración se desprende que la parte recurrida presentó múltiples reclamaciones ante el Consejo de Titulares, desde el año 2016 hasta que presentó su querella ante DACo, las cuales interrumpieron el término prescriptivo. A pesar de haber recibido numerosas comunicaciones sobre las filtraciones en el techo, la parte recurrente no actuó con la debida diligencia ni cumplió con su deber de reparar las mismas, permitiendo que la situación persistiera.

Incluso, surge de los correos electrónicos intercambiados entre las partes que, el 1 de julio de 2023, el Consejo de Titulares reconoció su responsabilidad de encargarse del asunto, así como que era insólito que la reclamación llevara tantos años sin ser atendida, por lo que prometió ocuparse de la situación con la diligencia que ameritaba. Sin embargo, el Consejo de Titulares solo tomó acción cuando el señor Morales Feliciano acudió al foro administrativo.

En su *tercer señalamiento de error*, el Consejo de Titulares adujo que no existe evidencia sustancial en el expediente administrativo para sustentar la determinación de ordenar la

restitución de cuatro mil novecientos dólares ($4,900.00). Sin embargo, en el caso ante nos, al evaluar la prueba y la transcripción de la vista adjudicativa, surge que las determinaciones de hechos emitidas por DACo están basadas en la prueba sustancial que se presentó en el procedimiento administrativo. En específico, surge que la parte recurrida demostró, por medio de su testimonio y de evidencia fotográfica, que el apartamento tenía daños en su interior a causa de la humedad creada por las filtraciones en las paredes y en el techo. Igualmente, este presentó imágenes que ilustraban la tubería de desagüe que se dedujo era la causa principal de las referidas filtraciones. La parte recurrida también presentó copia de los múltiples mensajes que intercambió con el Consejo de Titulares, mediante los cuales se probó que la parte recurrente tenía conocimiento del problema en el techo y que reconocía que tenía la responsabilidad de repararlo.

En cuanto a la cantidad reclamada por el señor Morales Feliciano, existe prueba que sustenta la suma otorgada por el Foro administrativo. Del expediente surge una factura que evidencia lo que se cobró para realizar las obras necesarias en reparación del apartamento, suma que totalizó cuatro mil novecientos dólares ($4,900.00). De la misma forma, surge que se presentó en evidencia copia del cheque emitido por la parte recurrida por esta cantidad, a favor de la persona encargada de realizar los arreglos correspondientes. Por lo tanto, contrario a lo argüido por el Consejo de Titulares, existe evidencia sustancial en el expediente para sustentar la restitución solicitada por el señor Morales Feliciano.

Por último, en su *cuarto señalamiento de error*, la parte recurrente arguyó que DACo incidió al imponerle el pago de los honorarios de abogado por temeridad. Tal cual esbozado en el resumen doctrinal, tanto la Ley de Condominios, *supra*, como el Reglamento Núm. 9386 de DACo, *supra*, dispone que la Agencia

tendrá la facultad de imponer el pago de honorarios de abogado a la parte que actúe con temeridad en un procedimiento adjudicativo.

En el presente caso, quedó probado que la parte recurrente reconoció su deber de reparar el problema de filtración en el techo, así como que la falta de diligencia de esta ocasionó que el señor Morales Feliciano tuviese que incurrir en gastos adicionales. Sin embargo, se negó a restituir los cuatro mil novecientos dólares ($4,900.00) solicitados.  Por tanto, debido a que la actuación de la parte recurrente resultó en que se prolongara el procedimiento administrativo injustificadamente, coincidimos con la determinación de DACo al concluir que el Consejo de Titulares fue temerario en la tramitación del presente caso.

Así, evaluado el recurso que obra en autos, la prueba presentada y la transcripción de los procedimientos, es nuestra apreciación que DACo no cometió los errores señalados. Por consiguiente, confirmamos la *Resolución* recurrida.

**IV**

Por los fundamentos que anteceden, se confirma la *Resolución* recurrida.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones